**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 12-20002-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WINFRED ADDISON LEE,

    Defendant.

_____/

**AMENDED[1] ORDER DENYING DEFENDANT'S RULE 36 MOTION**

    Defendant's sentence was enhanced under the Armed Career Criminal Act because he had "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). He now moves under Rule 36, arguing that his Presentence Investigation Report ("PSI") misstates the dates he committed the crimes in two of those three convictions. [DE-128; DE-130.]

    The first conviction is for burglary of a dwelling in Case No. F88-11712. (PSI ¶ 28.) According to the Information [DE-130 at 6–7], the burglary took place between February 1, 1988 and February 4, 1988, and the dwelling was owned by Joseph Zoborac and located at 12321 Southwest 187th St.

    The second conviction is for battery on a law enforcement officer in Case No. F88-4743. (PSI ¶ 27.) According to the arrest affidavit [DE-128 at 6–8] and the pretrial release order [DE-130 at 5], on February 10, 1988, Defendant committed battery on an officer who was responding to a burglary in progress at a dwelling owned by Joseph Zoborac and located at 12321 Southwest 187th St.

---

[1]     After the Court denied his Rule 36 motion, Defendant moved for reconsideration. The Court hereby vacates its earlier order [DE-129] and substitutes this order in its place.

Defendant argues that both crimes took place on February 10, 1988 and that the officer battered in the second crime was responding to the burglary in the first crime. He points to the fact that both crimes involved a burglary at the same location.

However, the Court cannot grant him the requested relief for two reasons. First, Rule 36 only allows a court to correct a "clerical error" or "an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The PSI contains no such error: it accurately reflects the records from the convictions themselves, which indicate that the first crime was committed between February 1, 1988 and February 4, 1988 and the second on February 10, 1988. [DE-130 at 5–7; DE-128 at 6–8.] If Defendant's story is correct, then the error is in those records, not in the PSI.

Second, even if Defendant committed the second crime immediately after the first, they are still separate offenses under the Armed Career Criminal Act because they were not simultaneous: burglarizing the dwelling was one criminal act, and battery on the officer responding to the burglary was a separate criminal act. *See United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 311 (2013) ("So long as the predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA."). Therefore, any error as to their dates is harmless.

Accordingly, it is

ORDERED that

1) The Order Denying Defendant's Rule 36 Motion [DE-129] is VACATED.

2) Defendant's Motion to Correct Portions of the Record [DE-128] is DENIED.

3) Defendant's Motion for Reconsideration [DE-130] is DENIED.

DONE AND ORDERED in Miami, Florida, this 20th day of February 2015.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE